BLANK ROME LLP
*Attorneys for Plaintiff*
Noe S. Hamra
Thomas H. Belknap, Jr.
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
noe.hamra@blankrome.com
thomas.belknap@blankrome.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

DELTA CORP SHIPPING PTE LTD;                     Civil Action:
                                                  IN ADMIRALTY
                    Plaintiff,

        -v-

OQ TRADING LIMITED;

                    Defendant.
_____

**VERIFIED COMPLAINT**

Plaintiff Delta Corp Shipping Pte Ltd ("Plaintiff"), by and through its attorneys Blank Rome LLP, complaining of the above-named Defendant, OQ Trading Limited ("Defendant"), alleges upon information and belief as follows:

1.   At all material times, Plaintiff was and now is a foreign corporation with its registered office at 60 Paya Lebar Road #09-43, Paya Lebar Square, Singapore, 409051 Singapore.

2.   At all material times, Defendant was and now is a foreign corporation with its registered office at Level 7, Building 6 (Legatum Plaza), DIFC, PO Box 506515, Dubai, UAE, and with no office or place of business within this judicial district.

1

## JURISDICTION AND VENUE

3. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendant is or will be located in the Southern District of New York during the pendency of this action.

## THE FACTS

5. On September 20, 2022, Plaintiff entered into a Contract of Affreightment ("COA") with the Defendant for the carriage of 600,000 MT of urea in bulk ("Cargo") at "50,000 MT + /- 10% MOLOO (every month 1 shipments though fairly evenly spread, however no shipments to be declared during the ice season)" from ports in the Baltic Sea to India.[1] *A copy of the fixture recap and charterparty is attached hereto as Exhibit 1 and Exhibit 2 respectively*.

6. During the months of October and November 2022, Plaintiff undertook three shipments of Defendant's Cargo, carrying an approximate amount of 150,000 MT of urea.

7. During the months of late November 2022 and late May 2023, no shipments took place due to the closure of the Baltic Sea as a result of the Ice Season.

8. In early 2023, to service the COA following the Ice Season, Plaintiff chartered four vessels, which were intended to be used to carry the remaining balance under the COA of approximately 450,000 MT of Cargo (that is, nine additional shipments of Cargo).

9. However, Defendant failed to nominate any more fixtures in 2023, thereby defaulting on the remaining nine fixtures.

---

[1] The COA incorporated the terms of the charterparty between the parties dated May 20, 2022.

10. As a result of Defendant's breach, Plaintiff currently estimate losses in the amount of $24,702,585.00.

11. Plaintiff performed all obligations required of it under the terms of the COA, but Defendant, wrongfully and in breach of its obligations, failed to provide the agreed Cargo under the COA which in turn caused Plaintiff's losses.

12. The COA provides for the application of English law and London arbitration.

13. Arbitration in London was initiated on May 30, 2024.

14. This action is expressly filed pursuant to the Federal Arbitration Act, 9 U.S.C. § 8, without prejudice to arbitrating the merits of this dispute in London.

## COUNT I
## RULE B RELIEF

15. Plaintiff restates paragraphs 1 - 14 as if fully set forth herein.

16. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims, including interest and its English attorneys' fees and arbitrators' fees, which are routinely awarded in London arbitration, and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

17. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | | |
|---|---|---|---|
| A. | On the principal claim: | | $24,702,585.00 |
| B. | Interest on principal claim for 3 years at average rate of 8% per annum compounded quarterly | | $5,928,620.40 |
| C. | Estimated Recoverable English Lawyers' and Arbitrators' Fees & Costs | | $616,881.43 |
| | **TOTAL:** | | **$31,248,086.80** |

170508.00002/150720594v.1

15. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District. *See Attorney Declaration of Noe S. Hamra attached hereto as Exhibit 3*.

16. Plaintiff's belief that Defendant's property may be found in this District is based on the fact that Defendant instructed Plaintiff to wire and/or bill in relation to an unrelated charterparty between the parties using the below bank account details at a branch located within this district.

**PAYMENT**
DUE ON : 29 FEBRUARY 2024
TO : JPMORGAN CHASE BANK, N.A. NEW YORK (SWIFT : ▮▮▮▮▮▮▮▮ )
IN FAVOUR OF : JP MORGAN CHASE BANK N.A. (SWIFT: ▮▮▮▮▮▮▮▮ )
FOR FURTHER CREDIT TO: OQ TRADING LIMITED
ACCOUNT NO : ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*See OQ Trading Limited invoice to Delta Corp Shipping Pte Ltd with Banking Information for Wire and Invoicing Transactions attached hereto as Exhibit 4*.

**WHEREFORE,** Plaintiffs pray as follows:

a. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

b. That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of **$31,248,086.80** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to

    appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

c. That, following attachment, this matter be stayed pending arbitration in London, and that this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof;

d. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
October 10, 2024

                                      **BLANK ROME LLP**

                                      */s/ Noe S. Hamra*
                                      Noe S. Hamra
                                      Thomas H. Belknap, Jr.
                                      1271 Avenue of the Americas
                                      New York, NY 10020
                                      (212) 885-5000
                                      Noe.Hamra@blankrome.com
                                      Thomas.Belknap@blankrome.com

                                      *Attorney for Plaintiff*

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Noe S. Hamra, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

1. I have read the foregoing Complaint and I believe the contents thereof are true.

2. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

3. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Noe S. Hamra

Sworn to before me this
10th day of October, 2024

_____
Notary Public

Alexander D. Newman
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02NE6374964
Qualified in Kings County
Commission Expires    May 7, 2026

6