# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:  (212) 885-5430
Fax:    (917) 332-3811
Email:  noe.hamra@blankrome.com

November 8, 2024

**Via Email - BuchwaldNYSDChambers@nysd.uscourts.gov**
Honorable Naomi R. Buchwald
Southern District of New York
500 Pearl Street
Courtroom 21A
New York, NY 10007

Re:   Delta Corp Shipping Pte Ltd v. OQ Trading Limited
      Civ. No. 1:24-cv-07720-NRB
      Our Ref. No.: 170508-00002

Dear Judge Buchwald:

We represent plaintiff Delta Corp Shipping Pte Ltd. in this matter. We write further to our *ex parte* letter dated November 5, 2024, where we requested the issuance of a revised attachment order and PMAG to include garnishee JP Morgan Securities LLC. During yesterday's call, Your Honor expressed concerns with our request due to the potential immunity of defendant OQ Trading Limited ("OQT") as being considered an agency or instrumentality of the Government of Oman under the Foreign Sovereign Immunities Act ("FSIA"). You requested that we provide supplemental briefing to support Plaintiff's position that a Rule B attachment is permitted here. We respectfully submit that the below additional facts fully support the propriety of this request for supplemental attachment order.

While OQT's website states that "OQ Trading (**OQT**) is the international energy and commodity trading arm of the Government of Oman", other documents obtainable from the same website make clear that OQT is not entitled to immunity under the FSIA because its parent company is organized under the laws of a foreign country.

Research of OQT's corporate structure shows that OQT's ultimate parent company is OQ SAOC. According to OQ SAOC's own Report and Consolidated Financial Statement for the year 2021, titled "2021 OQ SAOC and its Subsidiaries" ("Report"), "OQ SAOC ('the Parent' or 'the Parent Company') is a closed joint stock company domiciled in the Sultanate of Oman."[1] A copy of the relevant pages of the Report are hereby enclosed as Exhibit A. Section 2 (pages 11-12) of the Report identifies OQ SAOC's subsidiaries. The Report states in its relevant part:

---

[1] See Section 1 on page 11 of the Report. A full copy of the report can be found at https://assets.oq.com/-/media/oq/files/oq-ir-report-2021-final.pdf?rev=537498b5fc064063b36f8cf45cd87a71.

# BLANKROME

Honorable Naomi R. Buchwald
Southern District of New York
November 8, 2024
Page 2

*The Group has the following investments in subsidiaries:*

| *Company name* | *Country of incorporation* | *% holding 2021* |
|---|---|---|
| ... | | |
| *Oman Energy Trading Company Limited (OETCL)* | *Bermuda* | *100%* |
| ... | | |
| *Oman Oil International Limited (OOIL) (held through OETCL)* | *Cayman Islands* | *70%* |
| ... | | |
| *OQ Trading LLC (OQT) (held through OOIL)* | *United Arab Emirates* | *100%* |

In other words, according to the Report, defendant OQT (which is incorporated in the UAE) is 70% owned by OOIL (which is incorporated in the Cayman Islands). OOIL itself is wholly owned by OETCL (which is incorporated in Bermuda). It is only at the next corporate level up, three levels removed from the defendant in this matter, where an entity incorporated in Oman comes into play. As stated in the Report, OQ SAOC is a closed joint stock company domiciled in the Sultanate of Oman.

OQ SAOC's subsequent reports from 2022, 2023 and 2024, also available on their website, omit the above-quoted details but they also do not reflect that any corporate changes were made.[2] To summarize, according to the Report, OQT's corporate structure looks like the following:



---
[2] These later reports simply enumerate OQ SAOC's subsidiaries without further explanation.

Honorable Naomi R. Buchwald
Southern District of New York
November 8, 2024
Page 3

On these facts, OQT is not entitled to protection under the FSIA. The FSIA provides that "[t]he district courts shall have original jurisdiction ... of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief ...." 28 U.S.C. § 1330(a); *Ruggiero v. Compania Peruana de Vapores "Inca Capac Yupanqui,"* 639 F.2d 872, 875 (2d Cir.1981). Section 1603(a) of this title, "Definitions," provides that "[a] 'foreign state' ... includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b)." 28 U.S.C. § 1603(a). Section 1603(b), in turn, provides that "[a]n 'agency or instrumentality of a foreign state' means any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in Section 1332(c) and (e) of this title, nor created under the laws of any third country." *Id.* § 1603(b)(1)-(3).

The Second Circuit Court of Appeals has not yet addressed the issue whether a corporation that is majority owned by an "agency or instrumentality of a foreign state" is itself an "agency or instrumentality of a foreign state." However, in *Gates v. Victor Fine Foods,* 54 F.3d 1457 (9th Cir. 1995), cert. denied, 516 U.S. 869 (1995)*,* the Court of Appeals for the Ninth Circuit held that a corporation, a majority of whose shares are owned by an agency or instrumentality of the foreign state rather than by the foreign state itself, is not an agency or instrumentality of a foreign state under the FSIA.[3] After thoroughly reviewing the text and legislative history of the FSIA, Judge Mukasey of the Southern District of New York found in *Hyatt Corp. v. Stanton* that a corporation, a majority of whose shares are owned not by a foreign state but by an agency or instrumentality of a foreign state, is not a "foreign state" under the FSIA. *See* 945 F.Supp. 675, 685–90 (S.D.N.Y. 1996). Other courts within the district came to the same conclusion. *See*, *e.g.*, *Gardiner Stone Hunter Int'l v. Iberia Linea Aereas de Espana, S.A.,* 896 F.Supp. 125 (S.D.N.Y. 1995); *Fidelity & Guar. Co. v. Braspetro Oil Services Co.*, No. 97-cv-6124(JGK), 1999 WL 307666, at *6 (S.D.N.Y. May 17, 1999); *Bank of China, New York Branch v. NBM L.L.C.*, No. 01-cv-0815(DC), 2002 WL 1072235, at *5-6 (S.D.N.Y. May, 28, 2002). Following this consistent caselaw, OQT is **not** immune because it is not directly owned by the Government of Oman and it does not qualify as an "agency or instrumentality" of a foreign state. Instead, OQT is a subsidiary of other subsidiaries that have been incorporated in third countries and themselves are also not "agenc[ies] or instrumentalit[ies]" of a foreign state.

Moreover, OQT does **not** qualify as an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b)(3), because it is incorporated under the laws of a "third country" (i.e. UAE)

---

[3] The Court of Appeals for the Seventh Circuit disagreed with *Gates*. *See In re Air Crash Disaster Near Roselawn, Indiana,* 96 F.3d 932 (7th Cir. 1996).

and thus, it falls outside of that term as defined by the FSIA. *See*, *e.g.*, *Braspetro Oil*, 1999 WL 307666, at *6-7. See also 28 U.S.C. § 1603(a) and (b).

While the underlying action has no connection with the United States, the Verified Complaint states that "Arbitration in London was initiated on May 30, 2024" and that the "action is expressly filed pursuant to the Federal Arbitration Act, 9 U.S.C. § 8, without prejudice to arbitrating the merits of this dispute in London." (Dkt. 1 ¶¶ 13-14). The Second Circuit stated that "[m]aritime attachment is available whenever the plaintiff has an *in personam* claim against the defendant which is cognizable in admiralty." *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434 (2d. Cir. 2006).[4] An order of attachment is appropriate if the plaintiff demonstrates *"either* that the attachment is necessary for the plaintiff to obtain jurisdiction in a convenient district, *or* that the plaintiff needs the security of the attachment to satisfy any judgment it may win in the underlying suit." *Allied Maritime, Inc. v. The Rice Corporation,* No. 04 Civ. 7029(SAS), 2004 WL 2284389 (S.D.N.Y. Oct. 12, 2004), *motion for reconsideration denied,* 361 F.Supp.2d 148 (S.D.N.Y. 2004); *see also Seaplus Line Co. v. Bulkhandling Handymax AS*, 409 F. Supp. 2d 316, 319-20 (S.D.N.Y. 2005). It is Plaintiff's view that the Verified Complaint makes a *prima facie* showing to obtain an *ex parte* maritime attachment in this case.

For the above reasons, we respectfully request that the new attachment order adding JP Morgan Securities LLC as garnishee be issued *ex parte* so that we may serve supplemental process of maritime attachment before any assets belonging to the Defendant can be removed from the district.

We thank the Court in advance for its consideration in this matter.

Respectfully submitted,

*/s/ Noe S. Hamra*

Noe S. Hamra

---

[4] A forum-selection clause providing for a foreign forum does not preclude a Rule B attachment in the United States. *See Polar Shipping v. Oriental Shipping Corp.,* 680 F.2d 627, 633 (9th Cir. 1982).

# Exhibit A

Case 1:24-cv-07720-NRB    Document 13    Filed 11/12/24    Page 5 of 8



# OQ SAOC AND ITS SUBSIDIARIES

Report and consolidated financial statements for the year ended 31 December 2021



**OQ SAOC AND ITS SUBSIDIARIES** 11

# Notes to the consolidated financial statements
# for the year ended 31 December 2021 (continued)

### 1  Legal status and principal activities

OQ SAOC ("the Parent" or "the Parent Company") is a closed joint stock company domiciled in the Sultanate of Oman. The consolidated financial statements as at and for the year ended 31 December 2021 comprise the Parent Company and its subsidiaries (together referred to as "the Group" and individually as "Group entities") and the Group's interest in associates and joint ventures. The Parent Company primarily is involved in the business of identifying, acquiring, managing, operating interests in petroleum and other energy related enterprises and dealing in investments. The Group is primarily engaged in exploration, production, marketing and distribution of petroleum and petroleum by-products. The Group operates in the Sultanate of Oman, United Arab Emirates, India, Pakistan, Korea, China, Hungary, Portugal, Spain, Chile, Netherlands, United Kingdom, Brasil, Japan, Germany, United States of America and Kazakhstan. The registered address of the Parent Company is P O Box 261, Postal Code 118, Sultanate of Oman.

The Parent Company is wholly owned by the Oman Investment Authority. During the year ended 31 December 2020, the shareholding of the Parent Company was transferred from Ministry of Finance to Oman Investment Authority (OIA). The Group is ultimately owned by the Government of Sultanate of Oman.

During the year ended 31 December 2021, the Group completed commissioning of OQ LPG (SFC) LLC and OQ Plastic LLC plants.

During May 2021, the Parent Company has listed its debt securities, a global medium-term note programme on the London Stock Exchange. Further details are disclosed in note 27.

### 2  Group entities

The Group has the following investments in subsidiaries:

| Company name | Notes | Country of incorporation | % holding 2021 | % holding 2020 |
|---|---|---|---|---|
| Oman Oil Holdings Spain SL (OOHS) | | Spain | 100% | 100% |
| Oman Oil (Hungary) Limited (OOHL) | | Cayman Islands | 100% | 100% |
| Oman Oil (Budapest) Limited (OOBL) (held through OOHL) | | Cayman Islands | 100% | 100% |
| Oman Oil (S.E. Asia) Holdings (OOSEAH) | | Cayman Islands | 100% | 100% |
| Oman Oil (Singapore Holdings) (OOSH) (held through OOSEAH) | | Cayman Islands | 100% | 100% |
| Oman Pearls Company Limited (OPCL) | | Cayman Islands | 100% | 100% |
| Oman Oil (Upstream) Holdings Limited (OOUHL) | | Cayman Islands | 100% | 100% |
| OQ Exploration and Production L.L.C (OQEP) | i | Sultanate of Oman | 100% | 100% |
| Abraj Energy Services SAOC (held through OQEP) | | Sultanate of Oman | 100% | 100% |
| OQEP Holding Limited (held through OQEP) | | Cayman Islands | 100% | 100% |
| Abutubul LLC (held through OQEP) | | Sultanate of Oman | 100% | 100% |
| Musandam Gas Plant LLC (held through OQEP) | | Sultanate of Oman | 100% | 100% |
| Makarim Gas Development LLC (held through OQEP) | | Sultanate of Oman | 100% | 100% |
| Musandam Oil & Gas Company LLC (held through OQEP) | | Sultanate of Oman | 100% | 100% |
| Oman Oil Company Limited (OOCL) | | Bermuda | 100% | 100% |
| Oman Oil Services Limited (OOSL) | | Bermuda | 100% | 100% |
| Oman Energy Trading Company Limited (OETCL) | | Bermuda | 100% | 100% |
| Takatuf Oman LLC | 16a | Sultanate of Oman | - | 100% |
| Oman Oil International Limited (OOIL) (held through OETCL) | | Cayman Islands | 70% | 70% |

OQ SAOC AND ITS SUBSIDIARIES                                                                 12

# Notes to the consolidated financial statements
# for the year ended 31 December 2021 (continued)

### 2      Group entities (continued)

| Company name | Notes | Country of incorporation | % holding 2021 | % holding 2020 |
|---|---|---|---|---|
| Sumhuram Energy B.V (SE) (held through OOHE) | ii | Netherlands | - | 100% |
| Sumhuram Energy Chile I SpA (SEC I) (held through SE) | ii | Chile | - | 100% |
| Sumhuram Energy Chile II Limitada (SEC II) (held through SEC I) | ii | Chile | - | 100% |
| Mazoon B.V (held through OOHE) | ii | Netherlands | - | 100% |
| Majan Energy B.V (held through OOHE) |  | Netherlands | 100% | 100% |
| OQ Chemical International Holding Drei GmbH (held through Majan Energy B.V |  | Germany | 100% | 100% |
| OQ Chemicals Holding Drei GmbH, Monheim am Rhein/Germany |  | Germany | 100% | 100% |
| OQ Chemicals Holding Zwei GmbH (held through Majan Energy B.V) |  | Germany | 100% | 100% |
| OQ Chemicals GmbH (held through Majan Energy B.V) |  | Germany | 100% | 100% |
| OPG OQ Beteiligungs-GmbH |  | Germany | 100% | 100% |
| OQ Chemicals GmbH (held through Majan Energy B.V) |  | Germany | 100% | 100% |
| OQ Infrastruktur GmbH & Co. KG (held through Majan Energy B.V) |  | Germany | 98% | 98% |
| OQ Chemicals Nederland B.V (held through Majan Energy B.V) |  | Netherlands | 100% | 100% |
| OIG OQ Infrastruktur GmbH (held through Majan Energy B.V) |  | Germany | 100% | 100% |
| OQ Chemicals Japan K.K. (held through Majan Energy B.V) |  | Japan | 100% | 100% |
| OQ Chemicals Singapore Pte. LTD (held through Majan Energy B.V) |  | Singapore | 100% | 100% |
| OQ Chemicals UK LTD. (held through Majan Energy B.V) |  | United Kingdom | 100% | 100% |
| OQ Chemicals Holding Corporation (held through Majan Energy B.V) |  | United States of America | 100% | 100% |
| OQ Chemicals Corporation (held through Majan Energy B.V) |  | United States of America | 100% | 100% |
| OQ Services LLC (held through Majan Energy B.V) |  | United States of America | 100% | 100% |
| OQ Chemical Bishop LLC (held through Majan Energy B.V) |  | United States of America | 100% | 100% |
| OQ Quimicos Brasil Participações LTDA (held through Majan Energy B.V) |  | Brasil | 100% | 100% |
| OQ International GmbH (held through Majan Energy B.V) |  | Germany | 100% | 100% |
| OQ Advanced Derivatives LTD. (held through Majan Energy B.V) |  | China | 100% | 100% |
| OQ Chemicals Production GmbH & Co. KG (held through Majan Energy B.V) |  | Germany | 100% | 100% |
| OQ Services GmbH (held through Majan Energy B.V) |  | Germany | 100% | 100% |
| Oman Pearls Company Limited – UK (OPCL) |  | United Kingdom | 100% | 100% |
| Oman Oil Marketing Company SAOG (OOMCO) | iii | Sultanate of Oman | 49% | 49% |
| OQ Methanol(SFZ) L.L.C. |  | Sultanate of Oman | 100% | 100% |
| Takamul Investment Company LLC (TIC) |  | Sultanate of Oman | 100% | 100% |
| Oman Aluminium Rolling Company LLC (OARC) (held through TIC) |  | Sultanate of Oman | 100% | 100% |
| Rolling Mill Holding Company Limited (held through TIC) |  | Cayman Islands | 100% | 100% |
| Sohar Sulphur Fertilizer LLC (held through TIC) |  | Sultanate of Oman | 68.75% | 68.75% |
| Sohar Paper Cores LLC (SPC) (held through TIC) |  | Sultanate of Oman | 100% | 100% |
| Oman Purified Isophthalic Acid Company LLC (held through TIC) |  | Sultanate of Oman | 100% | 100% |
| Duqm Management & Services LLC (held through TIC) |  | Sultanate of Oman | 70% | 70% |
| Takamul Holding Company Limited |  | Cayman Island | 100% | 100% |
| Duqm Petroleum Terminal Company LLC (DPTC) |  | Sultanate of Oman | 100% | 100% |
| Oman Tank Terminal Company LLC (OTTCO) |  | Sultanate of Oman | 100% | 100% |
| OQ Gas Networks S.A.O.C (OQ GN) |  | Sultanate of Oman | 100% | 100% |
| Oman Oil Facilities Development Company LLC(OOFDC) |  | Sultanate of Oman | 100% | 100% |
| Oman International Petrochemical Industry Company LLC |  | Sultanate of Oman | 70% | 70% |
| OQ LPG (SFZ) L.L.C (held through OOFDC) |  | Sultanate of Oman | 100% | 100% |
| Oman Gas International LLC |  | Cayman Island | 100% | 100% |
| ==OQ Trading LLC (OQT) (held through OOIL)== |  | ==United Arab Emirates== | ==100%== | ==100%== |
| Oman Oil Holding Europe B.V (OOHE) |  | Netherlands | 100% | 100% |
| OQ Refineries and Petroleum Industries L.L.C (OQ RPI) |  | Sultanate of Oman | 100% | 100% |